# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL RAIFORD, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No: N24A-11-003 CEB |
| | ) | |
| AMY ANTHONY, Director, | ) | |
| DIVISION OF MOTOR | ) | |
| VEHICLES, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: March 24, 2025
Decided: April 2, 2025

## <u>ORDER</u>

*Upon Appeal from the Court of Common Pleas:*
**AFFIRMED**


Jason R. Antoine, Esquire, JASON R. ANTOINE ATTORNEY AT LAW, PLLC, Wilmington, DE 19805, Attorney for Appellant.


Maria Kontis, Esquire, STATE OF DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, Attorney for Appellee.


**BUTLER, R.J.**

1.     Nathaniel Raiford was arrested for Driving Under the Influence ("DUI"), and upon notification thereof the Division of Motor Vehicles ("DMV") initiated action against his driver's license.  Its authority to do so is spelled out in 21 *Del. C.* § 2742(b)(1), which directs the DMV to suspend a license for 3 months "upon certification by the police officer that there existed probable cause to believe that the person had been acting in violation of" the DUI law.

2.     The Defendant requested a hearing before a DMV hearing officer to contest the officer's certification of probable cause. The hearing was scheduled and rescheduled, twice, pursuant to Defendant's request, but then came the day for the hearing, and neither the Defendant nor his counsel showed up.[1]  The hearing officer then sent out a notice that "the administrative hearing has been ruled against you based on your failure to appear for the hearing."[2] Defendant's license was suspended.[3]  These historical facts are not disputed.

3.     Defendant filed an appeal of the hearing officer's decision to suspend his license with the Court of Common Pleas ("CCP").  CCP ruled that its power to review an administrative agency's decision is limited to actual decisions made by

---

[1] D.I. 20 Answering Br. of Appellee at 3-4 (Mar. 10, 2025), Trans. ID 75807137.

[2] "This is to notify you that the Administrative hearing has been ruled against you based on your failure to appear for the hearing." D.I. 19 App. to Appellant's Opening Br. Ex. A. at 4 (July 24, 2024), Trans. ID 75660994.

[3] D.I. 19 App. to Appellant's Opening Br. Ex. 8. at 32 (July 24, 2024), Trans. ID 75660994.

2

the agency, not default judgments.[4] In CCP's view, this ruling was consistent with a number of prior decisions on this specific issue.[5] CCP therefore dismissed the appeal.[6]

4.    Undaunted, Defendant has appealed CCP's ruling that it lacked jurisdiction to this Court.  He cites the statutory language that "If a request for a hearing is filed, a revocation is not effective until the final decision of the hearing officer resulting in a decision adverse to the person."[7]  The argument is that CCP does have jurisdiction to hear his appeal because the default judgment was a "final decision" by the agency and final decisions by the agency are subject to judicial review in CCP.

5.    Well, that is one way of looking at it.  Another way is that a default by non-appearance obviates the necessity of a "hearing" and so the matter may pass on to the next administrative action – the suspension of the driver's license.  There is

---

[4] D.I. 19 App. to Appellant's Opening Br. Ex. F. at 63 (Nov. 1, 2024), Trans. ID 75660994 [hereinafter Appellant's Opening Br. Ex. F.].

[5] *Id.* n.24 (citing *DeSantis v. Shahan*, 1995 WL 339175, at *3 (Del. Super. May 31, 1995) (21 *Del. C.* § 2744 did not provide the appellant an avenue of appeal because no hearing was held); *Haley, Jr. v. Dep't of Transp., Div. of Motor Vehicles*, 2006 WL 1695137, at *1 (Del. Com. Pl. June 19, 2006) (CCP lacks jurisdiction to hear a direct appeal on a decision to deny a probable cause hearing); *Wynne v. Shahan*, 2004 WL 1067518, at *2 (Del. Com. Pl. May 11, 2004) (CCP has no jurisdiction to hear appeals from the denial of a DMV hearing).

[6] App. to Appellant's Opening Br. Ex. F. at 65.
[7] D.I. 19 Appellant's Opening Br. at 4 (Feb. 18, 2025), Trans. ID 75660994 [hereinafter Appellant's Opening Br.].

no hearing only because there is nothing to "hear." The suspension became a "final decision" when the Defendant and his counsel failed to appear at the hearing.

6. Judicial review of an agency's "final decision" assumes there is something substantive to review.[8] When a party defaults in appearance, there is nothing substantive to review. Here, for example, Defendant offers nothing suggesting what CCP should have decided. His is thus really a process question, divorced from any factual record. If Defendant believes there is some due process failure in DMV's treatment of defaulting parties, that is a collateral attack on the process, not an attack on the merits of the decision by the hearing officer.

7. Defendant argues the police officer didn't show up for the hearing either and since the government bears the burden of proving probable cause, the default should have been against the State, not him.[9] But the statute directs DMV to suspend the license upon certification of the police officer, not the officer's attendance at a hearing.[10] Here, the officer certified to his belief that the Defendant violated the DUI statute.[11] The hearing is for the Defendant's benefit to contest the certification.

---

[8] *One River Place, LLC v. New Castle Cnty. Dep't of Fin.*, 2007 WL 1296870, at *3 (Del. Super. Apr. 27, 2007) (for judicial review to be possible, an agency's decision must be substantiative).

[9] Appellant's Opening Br. at 5-6.

[10] 21 *Del. C.* § 2742(b)(1).

[11] D.I. 19 App. to Appellant's Opening Br. Ex. 1 at 18, Trans. ID 75660994 (Corporal Ritchie certified there was probable cause that Defendant violated 21 *Del. C.* § 4177).

4

If the Defendant waives his right to a hearing, or fails to appear and defaults, the certification controls and the statute requires suspension without further hearing or proof by the State.

8.     The Court's review is limited to whether CCP committed an error of law in concluding that it had no jurisdiction over the default judgment entered by the DMV. The Court is unpersuaded that CCP erred and therefore its ruling is **AFFIRMED**.[12]

       **IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

---

[12] The Court notes that CCP could have dismissed this appeal on the simple basis that Raiford waived his right to a hearing by failing to appear. This would have avoided conceptual arguments over whether a hearing that does not take place is a "hearing" from which an appeal can lie. The Court has concerns that CCP's eschewing jurisdiction may leave parties in a bifurcated jurisdictional conundrum concerning "process" and "substance" – a problem we do not see in, for example, disputes under the Administrative Procedures Act. The Court affirms CCP's ruling only insofar as the party requesting a hearing under 21 *Del. C.* § 2742 defaults in appearance. Other process issues that may arise in DMV suspension hearings must await future analysis.